PER CURIAM:
In this Jones Act, 46 U.S.C.A. § 688, and general maritime seaman’s suit, plaintiff alleges he suffered a knee injury due to defendant’s negligence. The jury was given five interrogatories in accordance with Fed.R.Civ.P. Rule 49(a). The jury returned its verdict to the court:
1. Was the defendant, Ocean Drilling and Exploration Company (ODECO), negligent?
Answer X Yes _No
If the answer to question No. 1 is yes, answer (A):
(A) Did that negligence play any part, however slight, in producing the injury of the plaintiff?
Answer _ Yes X No
2. Was the drilling barge The John Hayward unseaworthy?
Answer _ Yes X No
If the answer to question No. 2 is yes, answer (A):
(A) W as the unseaworthiness a proximate cause of the injury of the plaintiff?
Answer _ Yes No
Following the reading of the verdict, the jury was polled and discharged. After the jury was discharged, the trial judge read the balance of the interrogatories:
3. Was the plaintiff William B. Willard, Sr., negligent?
Answer X Yes _No
If the answer to question No. 3 is yes, answer (A):
(A) Was the negligence of the plaintiff the proximate cause of his injury?
Answer X Yes _No
If the answer to question 3(A) is no, answer (B):
*1011 (B) Did that negligence play any part, however slight, in producing the injury of the plaintiff?
Answer _Yes _ No
4. If the answer to question 3(A) or 3(B) is yes, to what degree, expressed in percentage, did plaintiff’s negligence contribute to his injuries?
_75
5. If the answer to question 1(A) or question 2(A) is yes, state in dollars the amount of plaintiff’s damages:
$_
The district court entered judgment for defendant.
Plaintiff appeals on the ground that the jury’s answers to the interrogatories were irreconcilably inconsistent. He argues that, on the one hand, the jury found defendant’s negligence played no part in producing plaintiff’s injury [Interrogatory No. 1 and No. 1(A)]. On the other hand, the jury found plaintiff’s negligence contributed only 75% to his injuries. There being only two litigious entities capable of negligence, if plaintiff was 75% negligent, then plaintiff argues the defendant must have been 25% negligent in causing the injuries. Thus, he contends, the answer to Interrogatory No. 1(A) is irreconcilably inconsistent with the answer to Interrogatory No. 4.
The law argued by plaintiff is sound. If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial. Morrison v. Frito-Lay, Inc., 546 F.2d 154, 160 (5th Cir. 1977); Miller v. Royal Netherlands Steamship Co., 508 F.2d 1103, 1106 (5th Cir. 1975).
Answers should be considered inconsistent, however, only if there is no way to reconcile them. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Griffin v. Matheme, 471 F.2d 911, 915 (5th Cir. 1973). The test is whether the jury’s answers can “be said to represent a logical and probable decision on the relevant issues as submitted.” Id.; Miller, supra, 508 F.2d at 1106-1107.
In this case, plaintiff overlooks the fact that at trial much stress was placed on a preexisting knee problem which made plaintiff more vulnerable to injury. Defendant correctly argues that the jury could easily have considered that plaintiff’s injuries were 25% caused by the preexisting knee problem rather than by either of the parties, so its answers to Interrogatories No. 1(A) and No. 4 are not inconsistent. Even a jury verdict inconsistent on its face is not inconsistent if it can be explained by assuming the jury reasonably misunderstood the instructions. See, e. g., Miller, supra, 508 F.2d at 1107. At one point, the trial judge instructed the jury that they should not answer the comparative negligence issue unless they found defendant’s negligence caused injury. The special interrogatories, however, were conditioned so that the jury was required to answer Interrogatory No. 4 even if the jury answered Nos. 1 and 1(A) in the negative. Thus, the jury could have been led to believe it could properly attribute part of the cause to the previous knee problem in answering Interrogatory No. 4.
The answers to the interrogatories being easily reconcilable on the record before the trial court, no error occurred in entering judgment for defendant and denying plaintiff’s alternative motions for judgment n. o. v. or a new trial.
AFFIRMED.